# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| In Re: | Case No. 17-51532 |
| Robert J Ralston<br>Carrie N Ralston | Chapter 7 |
| Debtors. | Judge C. Kathryn Preston |

**MOTION FOR RELIEF FROM STAY REGARDING PROPERTY KNOWN AS: 2015 KIA SEDONA VIN: KNDMB5C12F6021080**

Gateway One Lending & Finance ('Movant'), by and through its counsel, moves this Court under §362 and other sections of the Bankruptcy Code for an order terminating the automatic stay imposed by §362 of the Bankruptcy Code with respect to certain property owned by the Debtor(s) in which Movant has a security interest. In support of this Motion, Movant states as follows:

## MEMORANDUM

1. On March 16, 2017, Robert J Ralston and Carrie N Ralston ('Debtors') filed a petition for relief under Chapter 13 of the Bankruptcy Code. On March 20, 2019, this converted to Chapter 7.

2. Prior to the filing of the bankruptcy petition, on December 22, 2014, Movant was granted a security interest in certain property owned by the Debtors. The lien is on the property commonly known as a 2015 KIA SEDONA VIN: KNDMB5C12F6021080 (the 'Property'). A copy of the Retail Installment Contract is attached as Exhibit A.

3. The Certificate of Title was filed with the Ohio Bureau of Motor Vehicles on December 22, 2014 per the attached Vehicle Title – Exhibit B.

4. Upon information and belief, there are no other lien holders with respect to the Property.

5.       The value of the Collateral is $14,375.00.  This valuation is based on NADA.  A copy of this valuation is attached as Exhibit C.

6.       As of April 4, 2019, there is currently due and owing on the Note the outstanding balance of $24,876.45, plus interest accruing thereon at a rate of 6.99% per annum.

7.       In the event the Order granting this Motion for Relief from Stay is entered, the provisions of Bankruptcy Rule 4001(a)(3) shall be waived and said Order shall be effective immediately.

8.       The Movant is entitled to relief from stay for these reasons:

    a.       Debtor is delinquent in direct payments in the amount of $13,886.47 from March 2018 through March 2019. Per debtors Statement on Intent filed on March 22, 2019, intent is to Surrender.

    b.       The rights and interest of the Movant are not being protected and the Property's value is decreasing, thus further harming the Movant.

9.       This motion does not affect the rights of the Chapter 7 Trustee.

WHEREFORE, Movant prays for an Order from the Court granting Movant relief from the automatic stay of §362 of the Bankruptcy Code to permit Movant to proceed with its State Law rights and for such other further relief to which the Movant may be entitled.

Respectfully Submitted,

/s/ Molly Slutsky Simons
Molly Slutsky Simons (0083702)
Sottile & Barile, Attorneys at Law
P.O. Box 476
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion was served **electronically** on April 4, 2019 through the Court's ECF System on all ECF participants registered in this case at the e-mail address registered with the Court

And by **ordinary U.S. Mail** on April 4, 2019 addressed to:

Robert J Ralston, Debtor
281 Butterfly Drive
Sunbury, OH 43074

Carrie N Ralston, Debtor
281 Butterfly Drive
Sunbury, OH 43074

/s/ Molly Slutsky Simons
Molly Slutsky Simons (0083702)
Attorney for Movant

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| In Re: | Case No. 17-51532 |
| Robert J Ralston<br>    dba Big Walnut Lawncare, LLC | Chapter 7 |
| Carrie N Ralston | |
| Debtors. | Judge C. Kathryn Preston |

### NOTICE OF MOTION FOR RELIEF FROM STAY REGARDING PROPERTY KNOWN AS: 2015 KIA SEDONA VIN: KNDMB5C12F6021080

Gateway One Lending & Finance, a Creditor herein, has filed a Motion for Relief from the Automatic Stay with respect to your 2015 KIA SEDONA VIN: KNDMB5C12F6021080, in this bankruptcy case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant relief from the automatic stay, or if you want the court to consider your views on the Motion, within 21 days from the service date of this motion, you or your attorney must:

File with the court a written response or an answer, explaining your position at:

> United States Bankruptcy Court
> 170 North High Street
> Columbus, OH 43215

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the deadline stated above.

You must also send a copy of your response either by the Court's ECF filing system or by U.S. Mail to:

Molly Slutsky Simons
Sottile and Barile, Attorneys at Law
P.O. Box 476
Loveland, OH 45140
bankruptcy@sottileandbarile.com
Counsel for Movant

Brian D. Wood
Wood & Brewer, LLC
470 Olde Worthington Road, Suite 200
Westerville, OH 43082
614-410-6877
Fax: 888-560-1002
Email: bwood@woodbrewerlaw.com
Debtor's Counsel

Frederick M Luper
1160 Dublin Road, Suite 400
Columbus, OH 43215
614-221-7663
Chapter 7 Trustee

Asst US Trustee (Col)
170 North High Street, Suite 200
Columbus, OH 43215
USTPRegion09.CB.ECF@usdoj.gov
Office of the US Trustee

Robert J Ralston
281 Butterfly Drive
Sunbury, OH 43074

Carrie N Ralston
281 Butterfly Drive
Sunbury, OH 43074

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief requested.

        Respectfully Submitted,

        /s/ Molly Slutsky Simons
        Molly Slutsky Simons (0083702)
        Sottile & Barile, Attorneys at Law
        P.O. Box 476
        Loveland, OH 45140
        Phone: 513.444.4100
        Email: bankruptcy@sottileandbarile.com
        Attorney for Creditor

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Notice of Motion was served **electronically** on April 4, 2019 through the Court's ECF System on all ECF participants registered in this case at the e-mail address registered with the Court

And by **ordinary U.S. Mail** on April 4, 2019 addressed to:

Robert J Ralston, Debtor
281 Butterfly Drive
Sunbury, OH 43074

Carrie N Ralston, Debtor
281 Butterfly Drive
Sunbury, OH 43074

        /s/ Molly Slutsky Simons
        Molly Slutsky Simons (0083702)
        Attorney for Creditor

(Page 13 of 26 - This document was retrieved and printed with the Accelerated Imaging DocServer and is the Confidential Property of GOLF)

Case 2:17-bk-51532　　Doc 63　　Filed 04/04/19　　Entered 04/04/19 12:19:03　　Desc Main
Document　　Page 7 of 10

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

DEAL # 4037642  Dealer Number _____  Contract Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| ROBERT J RALSTON<br>56 N CHALFANT RD<br>NEWARK OH 43055 LICKING | CARRIE RALSTON<br>56 N CHALFANT RD<br>NEWARK OH 43055 LICKING | RICART PROPERTIES<br>4255 S. HAMILTON RD<br>COLUMBUS, OH 43227 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2015 | KIA SEDONA | KNDMB5C12F6021080 | ☐ estimate<br>☒ actual<br>46 | ☒ Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 6.99 % | $ 8450.98 | $ 35103.02 | $ 43554.00 | $ 43554.00 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 580.72 | Monthly beginning 02/05/2015 |

Or As Follows: CSO

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __20__ or __5__ % of each installment, whichever is greater.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash price of vehicle, accessories, and taxes ............. $ 31360.38 (1)
2. Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts.):
   A  Government taxes not included in line 1 above ........ $ N/A
   B  Government license and/or registration fees ........... $ N/A
   C  Government certificate of title fees ....................... $ 15.00
   D  Net trade-in payoff to WELLSFARGO ..................... $ 2682.64
   E  Optional Gap Contract ...................................... $ 795.00
   F  Documentary Fee ............................................. $ 250.00
   G  Other charges (Seller must identify who is paid and describe purpose.)
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
      to _____ for _____ $ N/A
   Total other charges and amounts paid to others on your behalf $ 3742.64 (2)
3. Total cash price (1 + 2) .................................... $ 35103.02 (3)
4. Downpayment
   Gross trade-in $ 7000.00
   - payoff by seller $ 12682.64
   = net trade-in $ -5682.64 cash
   + other (describe) REBATE $ 2000.00
                                   $ 1000.00
   Total downpayment = (if negative enter "0" and see line 2D above) $ 0.00 (4)
5. Unpaid balance of cash price (3 minus 4) ............... $ 35103.02 (5)
6. Insurance
   A  Cost of optional credit insurance paid to insurance company or companies
      Life $ N/A
      Disability $ N/A     $ N/A
   B  Other optional insurance paid to Insurance Company or Companies $ N/A
   Total insurance charges ................................... $ N/A (6)
7. Amount financed (principal balance) (5 + 6) ........... $ 35103.02 (7)
8. Finance charge .............................................. $ 8450.98 (8)
9. Total of payments (time balance) (7 + 8) ............... $ 43554.00 (9)

Amount of Security Interest Recording Fee Paid in Cash $ N/A

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
### Optional Credit Insurance
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
  Credit Life $ __N/A__
  Credit Disability $ __N/A__
Insurance Company Name _____
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance
☐  Type of Insurance _____ Term _____
Premium $ __N/A__
Insurance Company Name _____
Home Office Address _____

☐  Type of Insurance _____ Term _____
Premium $ __N/A__
Insurance Company Name _____
Home Office Address _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _[signature]_ 12/22/2014
Buyer Signature                Date

X _[signature]_ 12/22/2014
Co-Buyer Signature             Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**Returned Check Charge:** You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 2E of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __75__ Mos.    __JM&A__ Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _[signature]_

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

### Limited Right to Cancel
☒ If checked, a limited right to cancel applies:
You agree that we have __6__ days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. **Please see the back of this contract for important terms of this limited right to cancel.**
_[initials]_ RJR         _[initials]_ CMC
Buyer Initials           Co-Buyer Initials

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees, or if this contract is subject to the limited right to cancel described above, or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _[signature]_ Co-Buyer Signs X _[signature]_
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _[signature]_ Date 12/22/2014    Co-Buyer Signs X _[signature]_ Date 12/22/2014
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs __RICART PROPERTIES__ Date 12/22/2014 X _[signature]_ Title _____

| Seller assigns its interest in this contract to __GATEWAY ONE LENDING & FINANCE__ (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|
| ☐ Assigned without recourse    ☐ Assigned with limited recourse    ☒ Assigned with recourse |
| Seller __RICART PROPERTIES__  By _[signature]_ Title _____    Seller _____ By _____ Title _____ |

LAW Form No. 553-OH-ARB REV AUG 2013 ALL PRESENT MO. OH65782
© 2013 The Reynolds and Reynolds Company. TO ORDER: www.reysource.com, 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

Case 2:17-bk-51532    Doc 63    Filed 04/04/19    Entered 04/04/19 12:19:03    Desc Main
Document    Page 8 of 10

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance an irregular payment schedule.** An irregular payment schedule is one with payments not scheduled to be paid in substantially equal consecutive payments. If you have an irregular payment schedule and if you are buying the vehicle primarily for personal, family, or household use, you may refinance this contract without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if you adjusted your payment schedule to your seasonal or irregular income.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may exercise our rights under this contract, or if we choose, buy physical damage insurance covering our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once (accelerate). Default means:
1. You do not pay any payment on time;
2. You give false, incomplete, or misleading information on a credit application;
3. You start a proceeding in bankruptcy or one is started against you or your property; or
4. You break any agreement in this contract.
If your only default is that you did not pay a payment on time, we may accelerate this contract only if your default continues for at least 30 days. Otherwise, we may accelerate any time after you default. Our right to accelerate is subject to any right the law gives you to reinstate this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

d. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

e. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses paid as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

f. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6. Servicing and Collection Contacts.** You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7. Applicable Law**
Federal law and the law of the state of our address shown on the front of this contract apply to this contract

---

**Limited Right to Cancel**

a. We agree to deliver the vehicle to you on the date this contract is signed by us and you. You understand that it may take a few days for us to verify your credit and assign this contract. You agree that we have the number of days stated on the front of this contract to assign this contract. If we are unable to assign this contract within this period of time to any one of the financial institutions with whom we regularly do business, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period.

b. We will notify you if we cannot assign this contract and if we elect to cancel this contract. Upon receipt of such notice, you must comply with "Buyer's Obligations" described below and we must give back to you all consideration we have received in accordance with the terms of the Buyers Order.

c. Buyer's Obligations: If we do not assign the contract within the time described above, and you or we cancel this contract as provided above, you must return the vehicle to us immediately in the same condition as when sold, reasonable wear and tear excepted. You agree to pay us the cost of repairing any damage occurring to the vehicle while it is in your possession and to hold us harmless from any expenses, costs and fees arising out of any act pertaining to the operation of the vehicle while it is in your possession. If the vehicle is immobilized or impounded while in your possession, you agree to do whatever is necessary to ensure the vehicle's return to us. If you do not return the vehicle immediately, you will be liable for all expenses incurred by us in taking the vehicle from you. If you fail to return the vehicle, we may use any legal means to take it back.

d. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle.

e. Nothing in this section gives you the right to cancel this contract for reasons unrelated to our assignment of this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. Arbitration shall be conducted by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York, 10019 (www.adr.org), or any other organization that you choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

Form No. 553-OH-ARB 9/12



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Gateway One

# Lien and Title Information

**Lienholder**

**ELT Lien ID**   FDI1001208012372
**Lienholder**   GATEWAY ONE LENDING & FINANCE
**Lienholder Address**
P O BOX 1013
ATWOOD, CA 92811
**Lien Release Date**

**Vehicle and Titling Information**

| | | | |
|---|---|---|---|
| **VIN** | KNDMB5C12F6021080 | **Issuance Date** | |
| **Title Number** | 2302018376 | **Received Date** | 12/31/2014 |
| **Title State** | OH | **ELT/Paper** | ELECTRONIC |
| **Year** | 2015 | **Odometer Reading** | 48 |
| **Make** | KIA | **Branding** | |
| **Model** | | | |
| **Owner 1** | ROBERT J RALSTON | | |
| **Owner 2** | | | |
| **Owner Address** | | | |

56 N CHALFANT RD
NEWARK, OH 43055

**Printed:** Wednesday, March 22, 2017 1:11:30 PM PST



4/3/2019

**NADA Used Cars/Trucks**

**Gateway One Lending and Finance**

175 N Riverview Dr
Anaheim, CA 92808
7149214988
viviana.perea@gatewayonelending.com

## Vehicle Information

| | |
|---|---|
| **Vehicle:** | 2015 Kia Sedona Extended Passenger Van LX 3.3L V6 |
| **Region:** | Eastern |
| **Period:** | April 3, 2019 |
| **VIN:** | KNDMB5C12F6021080 |
| **Mileage:** | 57,500 |
| **Base MSRP:** | $28,100 |
| **Typically Equipped MSRP:** | $29,195 |
| **Weight:** | 4,411 |



## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | $9,700 | $138 | N/A | **$9,838** |
| Average | $11,775 | $138 | N/A | **$11,913** |
| High | $13,875 | $138 | N/A | **$14,013** |
| **Trade-In** | | | | |
| Rough | $10,100 | N/A | N/A | **$10,100** |
| Average | $11,300 | N/A | N/A | **$11,300** |
| Clean | $12,275 | N/A | N/A | **$12,275** |
| | | | | |
| Clean Loan | $11,050 | N/A | N/A | **$11,050** |
| Clean Retail | $14,375 | N/A | N/A | **$14,375** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body |

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power.
©2019 J.D.Power